**NATIONAL WRECKING COMPANY, Plaintiff,**

v.

**Ernest KUMEROW, et al., Defendants.**

**No. 85 C 2582.**

United States District Court,
N.D. Illinois, E.D.

April 1, 1985.

Gerald A. Golden, Carl E. Johnson, Jeffrey S. Heller, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

Hugh B. Arnold, Arnold & Kadjan, Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

Before the Court is plaintiff's motion for a temporary restraining order to enjoin the defendants from striking, work stoppage, and illegal picketing at various locations where plaintiff and defendants are engaged in demolition. For the reasons stated herein, plaintiff's motion for a temporary restraining order, pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, Fed.R.Civ.P. 65(b) and Rule 12(a) of the Local Rules, is denied.

### I. FACTS

On July 15, 1984, plaintiff National Wrecking Company, through the Chicago Building Wreckers Association, entered into a collective bargaining agreement with defendant Construction and General Laborers' District Council of Chicago and Vicinity and Laborers' Local Union No. 225 covering plaintiff's employees working within Cook County, as well as other counties. Section 8 of the collective bargaining agreement prohibits strikes or work stoppages by employees and provides for binding arbitration of disputes and grievances with respect to the application and construction of the agreement. Section 8 reads as follows:

> UNION agrees that there shall be no strike or picket against this EMPLOYER during the period of this Agreement; nor shall it engage in or participate in any sympathy strike or secondary boycott directed against EMPLOYER. The parties further agree to arbitrate their grievances with the Illinois Department of Concilliation and Mediation or similar arbitration association. The UNION does, however, maintain its right to strike for nonpayment of wages, health and welfare, pension contributions or dues deductions by EMPLOYER beyond sixty (60) days.

Plaintiff contends that defendants have violated this no-strike and mandatory arbitration clause by virtue of their picketing and work stoppage at two of plaintiff's demolition sites in Chicago, Illinois, on March 27, 1985. Plaintiff further asserts that the dispute underlying defendants' strike is their desire to renegotiate the amount of plaintiff's pension fund contributions from 24 cents per hour, contained in the collective bargaining agreement, to $1.30 per hour. Since it has refused to renegotiate the agreement, plaintiff concludes that defendants' strike is an attempt to force plaintiff to renegotiate. Since the amount of pension fund contributions is a contract dispute, plaintiff further concludes that the underlying dispute involves an issue subject to mandatory arbitration and therefore defendants' strike violates the no-strike clause in the agreement.

Defendants counter that they have a right to strike for nonpayment of dues deductions. The no-strike clause specifically excludes from its scope a strike for nonpayment of dues deductions beyond 60 days. Defendants assert that, since the beginning of the agreement, the plaintiff has failed to pay dues deductions as provided for in Section 6 of the agreement.

In support of their proposition, defendants submit evidence of past payment of dues deductions to counter plaintiff's contentions that there was no set procedure for payment of dues deductions and that plaintiff did not have in its possession proper authorization cards necessary for the payment of dues deductions. Since they have presented evidence of plaintiff's failure to pay the dues deductions for over 60 days, defendants conclude that their strike comes within the exception to the no-strike clause and therefore does not violate the no-strike clause.

### II. DISCUSSION

Section 4 of the Norris-La Guardia Act, 29 U.S.C. § 104, prohibits an injunction

against a strike or work stoppage. However, in *Boys Markets v. Retail Clerks Union*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), the Supreme Court held that anti-strike injunctions could be issued when the strike arises out of a grievance that is the subject of compulsory arbitration, provided the usual equitable requirements for preliminary relief are met. *Id.* at 254, 90 S.Ct. at 1594. In *Boys Markets,* the parties were obligated to arbitrate the underlying grievance that was the occasion of the strike, *i.e.,* whether members of the Retail Clerks Union were entitled to perform certain work being done by nonmembers of their bargaining unit, and the strike was enjoined. *See, Gateway Coal Co. v. United Mine Workers of America,* 414 U.S. 368, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974).

On the other hand, when the parties have not agreed to arbitrate the underlying dispute, as was the case in *Buffalo Forge Co. v. United Steelworkers of America,* 428 U.S. 397, 96 S.Ct. 3141, 49 L.Ed.2d 1022 (1976), where the issue was whether a sympathy strike violated a no-strike clause, there was no occasion to invoke the policy in favor of compulsory arbitration and, in recognition of the general mandate of § 4 of the Norris-La Guardia Act, the Court held that such a strike may not be enjoined. In short, *Buffalo Forge* teaches that the mere arbitrability of the issue of whether a strike or work stoppage violates an express or implied no-strike clause does not entitle the employer to a *Boys Markets* injunction; there must be an underlying arbitrable grievance. *Id.* at 409–10, 96 S.Ct. at 3148–49; *see, Jacksonville Bulk Terminals, Inc. v. International Longshoremen's Ass'n,* 457 U.S. 702, 102 S.Ct. 2673, 73 L.Ed.2d 327 (1982); *Elevator Mfrs.' Ass'n of N.Y., Inc. v. Local 1, Etc.,* 689 F.2d 382, 385 (2d Cir.1982). The issue now becomes whether a case is governed by *Boys Markets* or *Buffalo Forge.*

In order to determine whether *Boys Markets* or *Buffalo Forge* applies to this case, it is necessary to engage in a preliminary interpretation of the agreement in light of the surrounding circumstances. First, un-

der the agreement, the court must determine whether the strike violates the no-strike clause. Second, if the no-strike clause is violated, the court must determine if the underlying dispute involves a grievance which the parties are bound to arbitrate. *Elevator Mfrs.' Ass'n of N.Y., Inc. v. Local 1, Etc., supra,* 689 F.2d at 386.

First, the Court holds that the party seeking the injunction, the plaintiff, has failed to show that the defendants have violated the no-strike clause in Section 8 of the agreement. Plaintiff argues that the failure to pay dues deductions is a smoke screen or a sham to hide the real underlying dispute and to enable defendants to strike in violation of the no-strike clause. Defendants have submitted evidence which suggests that plaintiff has not paid dues deductions since at least July, 1984. Plaintiff protests that it was not supplied proper authorization cards necessary to make the dues deductions. However, it has not produced a sample of the proper cards for the Court to compare with the cards produced by the defendants.

In addition, plaintiff has not shown that it ever tendered payment of dues deductions, requested proper authorization cards for payment, or inquired as to the procedure for paying the dues. The evidence which plaintiff does submit tends to support the fact that defendants have asked it to renegotiate the agreement regarding pension fund contributions. From this fact, plaintiff argues that the failure to pay dues deductions is a sham. However, plaintiff's characterization of the dispute underlying the strike could as easily be a sham explanation.

In light of the fact that the burden of proof is on the party seeking the injunctive relief, the plaintiff has failed to meet this burden because it has not shown payment of the dues deductions. Since plaintiff has not shown payment of the dues deductions, defendants' strike falls within the exception to the no-strike clause. Since plaintiff has failed to show that defendants' strike violates the no-strike clause, the strike may

not be enjoined according to *Buffalo Forge.*

Second, the threshold issue to be arbitrated is whether the dispute underlying the strike is renegotiation of the agreement or plaintiff's failure to pay the dues deductions. The threshold issue is not whether renegotiation of the agreement is an issue to be arbitrated. The courts which have addressed this complex issue, *i.e.*, whether the strike's underlying dispute violates the no-strike clause, have concluded that an injunction should not issue. *Waller Bros. Stone Co. v. United Steelworkers,* 620 F.2d 132, 137 (6th Cir.1980); *Skokie Valley Bev. v. Beer, Soft Drinks, Water,* 563 F.Supp. 460, 462 (N.D.Ill.1983); *see also Chicago Typographical Union v. Chicago Newspaper Pub. Ass'n,* 620 F.2d 602 (7th Cir.1980) (denial of injunction pending arbitration).

In *Waller,* the Sixth Circuit Court of Appeals addressed the same problem as presented here:

> Where the union has expressly reserved its right to strike over certain issues, a *Boys Markets* injunction should not issue unless it clearly appears to the trial judge that the dispute which underlies the strike is subject to a no-strike obligation. Under the circumstances which exist here, the issue is so greatly in doubt that we believe that it was an abuse of discretion to issue an anti-strike injunction in the face of the literal ban of the Norris-La Guardia Act and the narrow construction which the Supreme Court and our circuit have placed upon the *Boys Markets* rule.

620 F.2d at 137.

In *Skokie Valley,* the court followed reasoning similar to that in *Waller:* "When the arbitrable issue is the permissibility of the strike itself, rather than some other underlying issue, then an injunction should not issue. In such a case the strike does not constitute an evasion of the agreement to arbitrate disputes; ..." 563 F.Supp. at 462. Following the direct reasoning in *Waller* and the supportive reasoning in *Skokie Valley,* the Court further holds that

an injunction against the defendants' strike is improper, where as here, the underlying dispute for the strike may be in doubt. The Court reiterates its primary holding that plaintiff's failure to show that defendants' strike violates the no-strike clause prohibits this Court from entering an injunction against the defendants' strike.

## III. CONCLUSION

Since plaintiff has failed to show that the circumstances in this case come within the *Boys Markets* exception to Section 4 of the Norris-La Guardia Act, plaintiff's motion for a temporary restraining order enjoining defendants' strike is denied.

IT IS SO ORDERED.